UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALEANDRO MEZA,                    )
                                  )
                Petitioner,       )
                                  )        CAUSE NO. 3:06-CV-483 JM
        vs.                       )
                                  )
WILLIAM WILSON,                   )
                                  )
                Respondent.       )

<u>OPINION AND ORDER</u>

Aleandro Meza, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 90 day loss of good time and demotion from credit class one to credit class two in case WCC 06-04-0362 on April 21, 2006 by the Conduct Adjustment Board ("CAB") at the Westville Correctional Facility. Mr. Meza was charged with and found guilty of battery upon another person in violation of Class B offense #212. The respondent filed a response on December 7, 2006, and the petitioner filed a traverse on December 29, 2006.

Mr. Meza attempts to raise four grounds in this challenge: 1) he was denied the right to present evidence; 2) his equal protection rights were violated; 3) there was insufficient evidence; and 4) he was denied a Spanish-speaking lay advocate. The respondent asserts that Mr. Meza has not exhausted claims one, two, or four.

"[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . .." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). A review of Mr. Meza's appeal to the Facility Head reveals that the only challenge Mr. Meza

raised was that there was insufficient evidence to find him guilty. He did not allege that he was denied evidence, that he was denied equal protection, or that he was denied the effective assistance of a Spanish speaking lay advocate. Furthermore, although Mr. Meza did argue that he was denied the videotape in his challenge to the Final Reviewing Authority, Mr. Meza failed to raise the other two arguments.

With regards to Mr. Meza's claims that he was denied equal protection and a Spanish speaking lay advocate, because Mr. Meza did not raise these challenges in his institutional appeals, these arguments are procedurally defaulted. "[P]rocedural default . . . precludes consideration of this theory under § 2254 unless the prisoner can show cause and prejudice . . .." *Id.*

> [T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to [present his issues for administrative review].

*Murray v. Carrier,* 477 U.S. 478, 488 (1986). In his traverse, Mr. Meza does not address why he failed to raise these specific challenges with the Facility Head. Because he does not address this failure in his traverse, Mr. Meza has not shown cause and prejudice for his failure to raise these issues in his institutional appeals. Therefore, he cannot raise these issues now.

Mr. Meza did however, raise the issue of the denial of the videotape with the Final Reviewing Authority. Although Mr. Meza did not present this argument to the Facility Head, the Final Reviewing Authority addressed the merits of Mr. Meza's challenge regarding the videotape. The Final Reviewing Authority stated

"The superintendent's response is sufficient. The video tape was reviewed. It neither proved your innocence or guilt. It's the other evidence that supports the charge." (Respondent's Response, Exh. H, docket #8-9). Because the Final Reviewing Authority addressed the merits of Mr. Meza's challenge regarding the videotape despite Mr. Meza's failure to present that argument to the Facility Head, the Final Reviewing Authority had the opportunity to respond and address Mr. Meza's claim, and did in fact to so. Therefore, because the Final Reviewing Authority addressed Mr. Meza's challenge regarding the videotape, the court will address the merits of Mr. Meza's argument.

Mr. Meza asserts that he was denied the videotape evidence. However, as Mr. Meza acknowledges, when he was screened for the offense, Mr. Meza did not request the videotape. (Respondent's Resp., Exh. B, docket # 8-3). Mr. Meza contends that he was not able to converse with the screening officer because the screening officer did not speak Spanish. (Traverse, docket # 9-1, page 1; Traverse, docket # 9-2, page 4). In essence, Mr. Meza is arguing that he was not afforded the opportunity to request the videotape because he was not able to communicate with the screening officer. While Mr. Meza may not have been able to communicate with the screening officer to request the videotape, there was an interpreter available at the DHB hearing. Mr. Meza does not argue, nor do the documents from the hearing reveal, that Mr. Meza requested the videotape at the hearing. If there was a communication problem during screening, the barrier was lifted at the hearing because there was an interpreter. Mr. Meza could have

requested the videotape at the hearing, but did not. Because he did not request it, the DHB could not view it. In addition, when Mr. Meza did finally ask for the videotape, on appeal to the Final Reviewing Authority, the Final Reviewing Authority reviewed the tape and found it inconclusive and that the other evidence supported the finding of his guilt. Thus, there was no due process error because Mr. Meza did not request the videotape in a timely manner in order to allow the DHB the opportunity to review the tape. Furthermore, there is some evidence in the record to support his guilt.

Mr. Meza's third challenge is that there is insufficient evidence to find him guilty of the offense because he was the individual trying to break up the fight. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits

4

has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, the CAB relied upon the report of conduct. The report of conduct states that the officer writing the report, Sergeant Hubbard, personally saw Mr. Meza, and two other individuals, hit with their fists and kick another offender. (Respondent's Resp., Exh. A, docket # 8-2). This is some evidence to support the Board's finding that Mr. Meza was guilty of battery upon another person. Therefore, there was no due process error.

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

SO ORDERED.

ENTERED: April 20, 2007

s/James T. Moody
James T. Moody, Judge
United States District Court